IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FELIX GUZMAN RIVADENEIRA, )
                    Plaintiff, )
                               )
   vs.                              )      Civil Action No. 15-788
                               )      Judge Nora Barry Fischer/
DEPARTMENT OF HOMELAND )      Chief Magistrate Judge Maureen P. Kelly
SECURITY, et al                 )
                    Defendants. )

## **REPORT AND RECOMMENDATION**

### **I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the 28 U.S.C. § 1915(e) of the Prison Litigation Reform Act ("PLRA"), the Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint is repetitious and, therefore, malicious.

### **II. REPORT**

Felix Guzman Rivadeneira ("Plaintiff") is currently a detainee at the McHenry County Jail located in Woodstock, Illinois. He has been granted leave to proceed in forma pauperis to pursue a Civil Rights Complaint by which he seeks to sue various federal government actors involved with the detention of people accused of, or determined to have violated the immigration laws of the United States. Because Plaintiff has filed approximately sixty other identical Complaints in many other United States District Courts throughout the country, the present Complaint should be dismissed as frivolous or malicious.

## A. RELEVANT PROCEDURAL HISTORY

On June 16, 2015, a Complaint was received from Plaintiff without a filing fee or a Motion for Leave to Proceed IFP. ECF No. 1. The Court ordered Plaintiff to rectify this deficiency. ECF No. 2. Plaintiff has since done so. ECF Nos. 3, 4.

In the Complaint, Plaintiff complains that the conditions in which immigration detainees are housed violates their Constitutional rights. The Court takes judicial notice that Plaintiff has filed roughly 60 other identical lawsuits.

## B. APPLICABLE LEGAL PRINCIPLES

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners and other persons proceeding in forma pauperis, in an effort to curb the increasing number of frivolous and harassing law suits brought by such persons. The PLRA permits courts to screen complaints filed by litigants who have been granted IFP status and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a litigant who has been granted IFP status, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a litigant granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). See also Larios v. U.S. Govt., No. 15–CV–3239, 2015 WL 4676855, at *1 n.2 (E.D.N.Y. Aug. 6, 2015).

## C. DISCUSSION

The instant Complaint should be dismissed because it repetitious of other litigation that Plaintiff is engaging in throughout the United States. As one court has observed:

> Plaintiff Felix Guzman-Rivadeneira, a federal detainee under an order of deportation who currently is housed at McHenry County Jail in Woodstock, Illinois, brought this action *pro se* "on behalf of the thousands of federal detainees and their families here in United States of America and all over the world." Plaintiff alleges in his complaint that detainees and their families are suffering abuse, prejudice, and discrimination because of limited English proficiency. . . . The action originally was filed in the United States District Court for the Eastern District of Oklahoma but was transferred here on the premise that the Northern District of Illinois is a more appropriate venue.
>
> A search of PACER reveals that plaintiff has filed no fewer than fifty identical lawsuits in district courts throughout the United States. This is one of those lawsuits and one of several to be transferred to this district. *See Rivadeneira v. Department of Homeland Security,* No. 15 C 5552 (N.D. Ill.) (Alonso, J.) (received from Eastern District of North Carolina on June 23, 2015); *Rivadeneira v. Department of Homeland Security,* No. 15 C 5935 (N.D. Ill.) (Alonso, J.) (received from Southern District of Florida on July 7, 2015); *Rivadeneira v. Department of Homeland Security*, No. 15 C 6147 (N.D. Ill.) (Alonso, J.) (received from Western District of Louisiana on July 14, 2015). Accordingly, this case is dismissed as duplicative of another action recently filed by plaintiff.

Guzman-Rivadeneira v. D.H.S., No. 1:15-cv-5248 (N.D. Ill. ECF No. 6 at 1-2). Accord Rivadeneira v. D.H.S., No. 5:15-cv-172 (E.D. Ky. ECF No. 2 at 3) ("The frivolous and abusive nature of the plaintiff's filing is made plain in light of the fact that a search of the Court's online PACER database reveals that Rivadeneira filed identical copies of his complaint in at least 45 federal district courts within a five-day period during the second week of June 2015 alone."); Rivadeneira v. DHS, No. 1:15-cv-231 (D. Hi. ECF No. 5 at 4 ("since June 10, 2015, Plaintiff has filed fifty-one nearly identical complaints in other federal district courts throughout the United States. *See* http://pacer.psc.uscourts.gov. (PACER Case Locator) (last visited June 30, 2015). Each of these courts will expend considerable time and resources to determine how best to deal with Plaintiff's pleading to promote justice. While making no determination on this issue at this time, the sheer numbers and similarity of these filings, as well as their mass mailing to fifty-

two different federal courts, is at best frivolous, at worst, malicious.").[1]

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted).

Here, the instant Complaint is clearly repetitious of the approximately sixty other Complaints that Plaintiff has filed in the various United States District Courts throughout this country. This Court finds the present Complaint filed in the instant suit to be duplicative or repetitive of the many other cases and, therefore, malicious and/or frivolous. Hence, it should be dismissed as frivolous/malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**III. CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed as frivolous or malicious before being served pursuant to the screening provisions of the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

---

[1] Notwithstanding the over 60 lawsuits that Plaintiff has filed, the Court has not conducted a three strikes analysis concerning Plaintiff pursuant to 28 U.S.C. 1915(g) because Section 1915(g) applies solely to "prisoners" and, Plaintiff, as a "detainee" of the immigration authorities does not qualify as a "prisoner" within the meaning of Section 1915(g). See, e.g., Rivadeneira v. D.H.S., No. 4:15-cv-334 (N.D. Ok. ECF No. 4 at 1 -1) (noting that, Plaintiff, as a detainee in immigration custody is not subject to some of the provisions of the PLRA as Plaintiff is not a "prisoner") (citing Cohen v. Clemens, 321 F. App'x 739, 742-43 (10th Cir. 2009); LaFontant v. INS, 135 F.3d 158, 165 (D.C. Cir. 1998); Oho v. Ins, 106 F.3d 680, 683 (5th Cir. 1997)).

4

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                              Respectfully submitted:

                                              s/Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

Date: September 9, 2015

The Honorable Nora Barry Fischer
United States District Judge

FELIX GUZMAN RIVADENEIRA
122734
McHenry County Jail
2200 North Seminary Avenue
Woodstock, IL 60098